

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2005

# Mati v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2964

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Mati v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1031.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1031

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2964

FLORIAN MATI,
Petitioner

v.

*ALBERTO R. GONZALES,
Attorney General of the United States,
Respondent

(*Substituted pursuant to Rule 43(c), Fed. R. App. P.)

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A78-573-610)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2005
Before:  SCIRICA, *Chief Judge*, ALITO and RENDELL, *Circuit Judges*

(Filed: June 10, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Florian Mati, an Albanian citizen who gained admission to the United States with

false documents, is appealing the order of an immigration judge removing him to Albania.

The judge rejected Mati's application for asylum and his request for withholding of removal. The Board of Immigration Appeals dismissed Mati's appeal. The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction under 8 U.S.C. § 1252.

## I. Background

On February 19, 2001, Mati used a false passport to enter the United States. In July 2002, the Immigration and Naturalization Service[1] initiated removal proceedings against Mati as an alien who had gained admission to the United States by fraud or misrepresentation. Mati admitted the charges, but he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture.

Mati contends that despite the fall of Communism in the early 1990s, he continues to suffer persecution at the hands of the ruling party.[2] Mati testified to two instances of physical abuse by the police, one in September 1999 and one in November 2000. He contends these followed his taking part in political protests and speaking out against the government. Mati did not go to a hospital or doctor for treatment. Nonetheless, he said he left the country out of fear of persecution, feeling that his life was in danger. We note that Mati's parents, sister, and brother now all live in the United States.

---

[1]Beginning on March 1, 2003, INS became a part of the Department of Homeland Security pursuant to *Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

[2]Mati contends the government is controlled by Socialist and Communist leaders, but the Department of State reports that the government is a coalition government of several parties. The issue is not material to this appeal.

The immigration judge denied Mati's petition for asylum as untimely, and found Mati's claims of emotional trauma insufficient to constitute changed or extraordinary circumstances to excuse the late filing. With respect to the withholding of removal, the judge noted several inconsistencies in Mati's testimony, as well as in the supporting testimony of Mati's brother. The judge found Mati's testimony not credible, particularly in light of a Department of State report that found no evidence of political persecution in Albania. Mati provided no evidence beyond his direct testimony to dispute the Department of State report. In addition, the judge found that even if Mati's testimony had been credible, the events he described did not meet the burden of proof for withholding removal. The BIA agreed that Mati's application for asylum was not timely and adopted the immigration judge's decision denying withholding of removal.

On appeal, Mati contends the immigration judge erred in relying on the Department of State report and rejecting Mati's claims of persecution as not credible. He contends that the BIA erred in adopting the immigration judge's decision based on these findings. We will affirm.

## II. Discussion

Because the BIA adopted the immigration judge's decision on the issue of withholding removal, we review the immigration judge's order on that issue. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 591 (3d Cir. 2003); *Chen Yun Gao v. Ashcroft*,

3

299 F.3d 266, 271 (3d Cir. 2002).[3] We will affirm the order of removal. The record supports the judge's findings that Mati failed to prove a well-founded fear of persecution, and that Mati's testimony was not credible.

## A. Evidence of Persecution

In order to obtain judicial reversal of the BIA's determination, Mati "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). This deferential test is now codified in 8 U.S.C. § 1252(b)(4)(B). *See also Dia v. Ashcroft*, 353 F.3d 228, 247-48 (3d Cir. 2003); *Chen Yun Gao,* 299 F.3d at 272 (3d Cir. 2002) ("Aliens have the burden of supporting their asylum claims through credible testimony. . . . Whether an asylum applicant has demonstrated past persecution or a well-founded fear of future persecution is a factual determination reviewed under the substantial evidence standard.").

---

[3]We will not review the BIA's holding that Mati's untimely asylum application renders him ineligible for asylum, on the grounds of waiver and lack of jurisdiction. "An issue is waived unless a party raises it in its opening brief." *Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994). Mati failed to raise a challenge to this holding in his opening brief. Furthermore, the Immigration and Naturalization Act states that no court has jurisdiction to review any determination regarding whether conditions exist to toll the asylum application deadline. 8 U.S.C. § 1158(a)(3); *see also Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003). In addition, the immigration judge found no evidence entitling Mati to protection under the Convention Against Torture. Because Mati does not raise an appeal to this finding in his brief, this issue is also not before the Court.

4

An alien may not be removed to a country where his life or freedom would be threatened. 8 U.S.C. 1231(b)(3); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 429 (1987). The immigration judge found that Mati had not provided sufficient evidence to support a legitimate threat to life or freedom. The Department of State report of country conditions, while not dispositive in the face of contrary evidence, directly contradicts Mati's claims of ongoing political persecution. Mati did not submit any evidence to rebut the direct assertions of this report beyond his personal account of two beatings. Testimony from Mati's brother, who recently traveled to Albania and who shares Mati's opposition viewpoints, revealed no similar fears. Without any additional evidence to support his claims, Mati did not meet the required burden of proof. He has not shown that "no reasonable factfinder could fail to find the requisite fear of persecution." *Elias-Zacarias*, 502 U.S. at 484 (1992).

B. Credibility

"[A]dverse credibility determinations are reviewed for substantial evidence. . . . [T]he Board's adverse credibility determination must be upheld on review unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Chen Yun Gao,* 299 F.3d at 272 (3d Cir. 2002) (quoting 8 U.S.C. §1252(b)(4)(B)); *see also Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir. 1998). However, minor inconsistencies and minor admissions that "reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." *Chen Yun*

5

*Gao*, 299 F.3d at 272 (3d Cir. 2002) (quoting *Vilorio-Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir. 1988)); *see also Senathirajah v. INS*, 157 F.3d 210, 221 (3d Cir. 1998).

The immigration judge identified several inconsistencies and false assertions in Mati's testimony that went to the heart of Mati's alleged fears. Many of these were directly related to the details of the incidents of persecution to which Mati testified. The testimony of Mati's brother further raised doubt as to the credibility of Mati's fear. The immigration judge also pointed to the sharp divergence between the Department of State reports on Albania and Mati's vague and non-specific testimony to the contrary. This Court has held that Department of State reports are "objective evidence" of country conditions and are appropriate resources for immigration judges to use in evaluating such conditions. *Ambartsoumian v. Ashcroft*, 388 F.3d 85, 89 (3d Cir. 2004). Mati presented no additional evidence to explain the contrast between the report and his testimony, or to otherwise rebut the content of the report. As such, a reasonable adjudicator would not be compelled to conclude that Mati's testimony was credible; there is substantial evidence in the record to support the judge's finding to the contrary.

## III. Conclusion

For the foregoing reasons, we will affirm the decision of the Board of Immigration Appeals.